UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

Patricia Parker
235 W. 102nd St., Apt 14G
New York, NY 10025

    Plaintiff,

v.

Capital Management Services, LP
726 Exchange St., Suite 700
Buffalo, NY 14210

    Defendant.

Case No. **CV 08 3836**

Judge:

**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF**

**JURY DEMAND ENDORSED HEREIN**

TOWNES, J.
POLLAK, M.J

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

### FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. Between December and March 2008, Defendant telephoned Plaintiff's place of employment several times in an attempt to collect a debt.

10. During several of the communications referenced in Paragraph 9, Plaintiff notified Defendant that Plaintiff could not receive Defendant's calls at her place of employment and/or that it was inconvenient for Plaintiff to received Defendant's calls at her place of employment.

11. Despite the notices referenced in Paragraph 10, on or around February 28, 2008, Defendant telephoned Plaintiff place of employment twice.

12. During the first communication referenced in Paragraph 11, Defendant telephoned Plaintiff's direct telephone line.

13. During the communication referenced in Paragraph 12, Plaintiff told Defendant: "Do not call me at my office."

14. During the communication referenced in Paragraph 12, Defendant rudely stated, "Well if you would pay your bills, I wouldn't have to call you."

15. During the communication referenced in Paragraph 12, Plaintiff told Defendant not to telephone or make further contact with Plaintiff or anyone else at Plaintiff's place of employment.

16. During the communication referenced in Paragraph 12, Defendant began screaming at Plaintiff to pay Plaintiff's bills.

17. As a result of Defendant's conduct referenced in Paragraph 16, Plaintiff told Defendant that the communication was over and hung up the telephone.

18. During the second communication referenced in Paragraph 11, Defendant telephoned the general telephone line at Plaintiff's place of employment and spoke Plaintiff's co-worker ("Co-Worker").

19. During the communication referenced in Paragraph 18, Defendant told Co-Worker that Defendant would send a facsimile to Plaintiff's boss ("Boss") to verify Plaintiff's employment.

20. On or around February 28, 2008, Boss received a facsimile from Defendant.

21. Upon receiving the facsimile referenced in Paragraph 20, Boss informed Plaintiff of the facsimile.

22. As a result of the facsimile, Boss learned that Plaintiff had financial problems and/or that Plaintiff owed a debt.

23. On February 28, 2008, Plaintiff, by and through her attorney, contacted Defendant by electronic mail and requested that Defendant stop calling Plaintiff's place of employment.

24. On March 4, 2008, in response to the email referenced in Paragraph 23, Defendant sent Plaintiff's attorneys and email stating that the telephone calls to Plaintiff's place of employment would stop.

25. Despite the notices referenced in Paragraph 10 and Defendant's email referenced in Paragraph 24, on or around March 12, 2008, Defendant telephoned Plaintiff at work on or around March 12, 2008, and left a voice message for Plaintiff to contact Defendant.

26. Defendant damaged Plaintiff emotionally and mentally and caused substantial anxiety and stress.

27. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

3

29. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive or was not permitted to receive Defendant's calls at work.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT SIX

### Invasion of Privacy by Intrusion upon Seclusion

38. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

39. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

40. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

41. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

42. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

43. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

44. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

45. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: /s/ Michelle Labayen
Michelle Labayen
420 Lexington Ave
Suite 2132
New York, NY 10170
Tel: 866.339.1156
Fax: 312.822.1064
mal@legalhelpers.com
*Attorney for Plaintiff*